Paramjit SEKHON, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–0150–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, N.Y., for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General; James E. Grimes, Senior Litigation Counsel; Sarah Maloney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Paramjit Sekhon, a native and citizen of India, seeks review of a December 18, 2007 order of the BIA affirming the February 28, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, which denied Sekhon's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Paramjit Sekhon*, No. A98 322 742 (B.I.A. Dec. 18, 2007), *aff'g* No. A98 322

742 (Immig. Ct. N.Y. City Feb. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Sekhon failed to exhaust before the BIA her claim that she suffered past persecution and has a well-founded fear of persecution on account of her membership in a particular social group. In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), we generally will not consider arguments regarding individual issues that were not exhausted before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 122–123 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119–120. Because Sekhon failed to raise her claim based on her membership in a particular social group on appeal to the BIA, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the agency did not err in denying Sekhon's application for asylum and withholding of removal for failure to demonstrate that any harm she suffered or feared was on account of her political opinion or religion. 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1). In order to demonstrate that persecution or a well-founded fear of persecution is on account of an applicant's political opinion, the applicant must show that the persecutor was motivated by his or her perception of the *applicant's* opinion, rather than merely by his or her *own* opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005). This does not mean, however, that the applicant must actually possess this belief. On the contrary, the persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005). Moreover, "[w]here there are mixed motives for a persecutor's actions, an asylum applicant need not show with absolute certainty why the events occurred, but rather, only that the harm was motivated, in part, by an actual or imputed protected ground." *Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 517 (2d Cir.2007).

In this case, Sekhon did not testify that the police were interested in her based on their beliefs, mistaken or otherwise, about her political opinion. Indeed, aside from her testimony that police had targeted her husband prior to 1997 for his affiliation with the political party, Akali Dal Mann, Sekhon's only assertion before the IJ was that the police arrested her on three occa-

sions after 1999 because they believed she knew the whereabouts of her husband, whom they suspected of committing a bank robbery, a murder, and a bombing. Moreover, Sekhon admitted that she personally had no affiliation with politics and that she had never suffered harm on account of her religion. Because the agency reasonably found that the incidents of harm she suffered were not committed on account of an enumerated ground, it properly denied her application for asylum and withholding of removal. *See* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (recognizing that the mere plausibility of a different conclusion is not sufficient to justify reversal).

We further conclude that the agency did not err in denying Sekhon's application for CAT relief based on her ability to safely relocate within India. The applicant has the burden of proving that it is more likely than not that he or she will be tortured, 8 C.F.R. § 1208.16(c)(2), including whether or not "the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured," 8 C.F.R. § 208.16(c)(3)(ii). Sekhon's testimony that relocation within India would be difficult for her as a single woman and a Sikh does not compel a finding contrary to that of the agency. *See Corovic,* 519 F.3d at 95. Because the agency's relocation finding was reasonable, we need not address its alternative reasons for denying Sekhon's application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).